IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERVIN BRADHAM, <br> Reg. No. 17405-002, <br><br> Petitioner, <br><br> v. <br><br> WARDEN WASHINGTON, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:25-CV-163-WKW <br> )                    [WO] <br> ) <br> ) <br> ) |

## **ORDER**

Petitioner Ervin Bradham, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, which was docketed on February 26, 2025. (Doc. # 1.) By Order dated August 7, 2025, the court directed Petitioner to file (1) a notice of change of address and (2) a reply to the warden's answer to the petition, setting a deadline of August 28, 2025 ("August 7 Order"). (Doc. # 21.) Additionally, the August 7 Order expressly cautioned Petitioner that failure to comply with its directives would result in dismissal without further notice. (Doc. # 21 at 3.) To date, Petitioner has not filed the required notice of change of address or reply. For the reasons to follow, the petition will be dismissed for Petitioner's failure to comply with the August 7 Order.

A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th

Cir. 2025) (cleaned up).  The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling."  *McNair*, 143 F.4th at 1306.  Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'"  *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306.  "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe."  *McNair*, 143 F.4th at 1306 (emphasis in original).

In this instance, Petitioner has not complied with the August 7 Order, despite its express directives and warning that a failure to comply would result in dismissal of this action.  Consequently, this action will be dismissed without prejudice.  Although not required for such a dismissal, the court finds a clear record of delay, given the Petitioner's noncompliance and the notice provided.  It further concludes that no lesser sanction than dismissal would be effective.  *See id.*

Based on the foregoing, it is ORDERED that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 11th day of September, 2025.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE